## THOMAS WARREN *versus* JOHN H. DAVIS *& al.*

The certificate of two justices of the peace, discharging a poor debtor from arrest on execution, upon his disclosure, stated erroneously the date of the judgment; but in every other particular conformed to the facts. — *Held*, that the (record) evidence preponderated in favor of the identity of the judgment, and that an action could not be maintained for the penalty in the bond. — *Held, also*, that the debtor not having performed the condition of the bond, the defendants were not entitled to costs as his sureties.

Case of *Hathaway* v. *Stone*, 33 Maine, 500, affirmed.

ON REPORT from *Nisi Prius*, GOODENOW, J., presiding.

This was an action on a poor debtor's bond, signed by Davis as principal and the other defendants as sureties, dated Feb. 20, 1855, and given in accordance with the provisions of the Revised Statutes, to procure the release of Davis from arrest on execution.

The plaintiff offered in evidence the bond and the execution, and claimed that damages should be awarded by the Court, in accordance with the provisions of the Revised Statutes, c. 148, § 39.

The defendants offered a certificate of two justices of the peace and quorum, dated Aug. 15, 1855; and also offered to prove that said Davis was then, and is now, entirely destitute of means of payment; which evidence was objected to.

The defendants also offered to prove, by the justices, that the bond taken on arrest on said execution named in the bond, was the one that the defendant Davis did disclose on, which was objected to by the plaintiff, as the record was the only proper and legal testimony on this point. They also offered to prove that said plaintiff never had any judgment against the defendant, except the one referred to in the certificate.

The certificate described the judgment as having been rendered in 1855, when in fact it was rendered in 1853.

*J. H. Rogers*, for the plaintiff.

1. The citation and certificate offered by defendants, do not prove a compliance with the condition of the bond in suit. *Fales* v. *Dow*, 24 Maine, 211; *Slasson* v. *Brown*, 20 Pick.

Warren v. Davis.

431; *Reid* v. *Cox*, 5 Blackf. 312, (U. S. Dig. Sup. Ev. 1657);
*Hathaway* v. *Stone*, 33 Maine, 500.

2. The record of the justices is the only legal evidence of
the papers and proceedings before them. 1 Greenl. Ev. § § 82,
86, 538; *Boody* v. *York*, 8 Greenl. 272; *Tibbetts* v. *Merrill*,
12 Maine, 122; *Moody* v. *Moody*, 11 Maine, 247; *Ellis* v.
*Madison*, 13 Maine, 312; *Carey* v. *Osgood*, 18 Maine, 152;
*Titcomb* v. *Keene*, 20 Maine, 381; *Burnham* v. *Howe*, 23
Maine, 489; *Blaisdell* v. *Briggs*, 23 Maine, 123; *Wing* v.
*Abbot*, 28 Maine, 367; *Bowker* v. *Porter*, 39 Maine, 504;
*Mordecai* v. *Beal*, 8 Port. 529, (U. S. Dig. Sup. Ev. xi. 869);
*Milan* v. *Pemberton*, 12 Mis. 598, (U. S. Dig. 1851, Ev. 267.)

*H. Tallman*, for defendants.

The defendants contend that one of the conditions of the
bond has been performed, by the disclosure of Davis, in com-
pliance with law.

It appears in the case, that Davis, within the time limited
by said bond, submitted himself to examination before two
justices of the peace and quorum, who administered to him
the oath, and gave him the legal certificate thereof.

If this examination and discharge was on the bond in suit,
it of course discharges this action.

The certificate corresponds in every particular with the
bond in suit, except that it states the judgment to have been
recovered in 1855 instead of 1853. The amount, the term of
the court, &c., are the same. The date of the execution is
stated to be Jan. 3d, 1855, while the judgment is stated to
have been recovered the "*third Tuesday of January*, 1855,"
simply an impossibility. It is a mistake made by writing
1855 instead of 1853. The case shows this, and the justices
will so testify.

The bond could not have been a bond upon a judgment ob-
tained in the third Tuesday of January, 1855; because the
execution was issued before that time. We contend that the
record discloses a compliance with the conditions of the bond,
and that judgment must be rendered for the defendants in

this case. *Hathaway* v. *Stone & al.*, 33 Maine, 500 ; *Mathews* v. *Houghton*, 11 Maine, 379 ; *Rand* v. *Tobie*, 32 Maine, 450.

If, however, the record does not show a compliance with the statute, still the plaintiff cannot recover, as there are no damages sustained by him.

The case shows that the principal defendant was, at the time of the disclosure, as well as at the commencement of this suit, entirely destitute of property ; in a moral point of view, therefore, it would not only be inequitable, but absolutely unjust to compel the other defendants to pay the debt of the principal defendant.

The statute of 1848, c. 85, § 2, provides that in all actions upon such bonds, &c., "the amounts assessed shall be the real and actual damage and no more." No damages have been sustained in this case, and the action cannot be maintained.

CUTTING, J.—The bond, execution, citation and certificate referred to, and made a part of the case, have not been furnished, and we can ascertain the facts intended to be submitted only from what we can gather from admissions made in the arguments of counsel ; from which it would appear that both the citation and certificate corresponded with all the essential *data* in the bond, except that the judgment described in the former was stated to have been rendered on the third Tuesday of January, 1855, instead of 1853, as disclosed in the latter, and which was the correct date.

The certificate of the justices, who administered the oath, is not in accordance with the requirements of the R. S., c. 148, § 31, which makes it necessary for them, among other things, to certify "the date of the judgment." But the certificate, in every other particular, being in accordance with the facts, "we think, that on the whole, the (record) evidence preponderates in favor of the identity of the judgment," as was decided in *Hathaway* v. *Stone*, 33 Maine, 500, where a very similar state of facts was disclosed, both as to the error in the certificate and the poverty of the debtor. And, as the Court remarked in that, so we decide in this case, "for the forego-

ing reasons, the plaintiff is not entitled to recover, and the debtor, not having performed the condition of the bond, can have no judgment for costs." R. S., c. 85, § 3; *Call* v. *Barker*, 28 Maine, 317; *Bard* v. *Wood*, 30 Maine, 155.

*Plaintiff nonsuit.— No costs for defendants.*

TENNEY, C. J., and RICE, APPLETON, MAY and GOODENOW, J. J., concurred.